UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**WILLIE HILL,**<br><br>**Defendant.** | **Criminal Action No. 22-145 (JDB)** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Willie Hill's motion for early termination of his supervision, Def. Mot. [ECF No. 97], which both the probation office and the government oppose, Prob. Mem. [ECF No. 99]; Gov't Opp'n [ECF No. 100].

In 1993, Hill was convicted of committing First-Degree Murder While Armed and in Possession of a Firearm During a Crime of Violence and was sentenced to twenty years in prison. Gov't Opp'n at 2. He served his sentence and re-entered the community in 2012. Id. Approximately ten years after his release, Hill was arrested again when police officers found him unresponsive behind the wheel of a car and in possession of a loaded gun. Id. at 1–2. He subsequently pleaded guilty to unlawfully possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and this Court sentenced him to 39 months of incarceration and a three-year term of supervised release. Crim. J. [ECF No. 90] at 1–3. Hill has now served his term of incarceration for the § 922(g)(1) violation and completed approximately 16 months of his term of supervised release. Prob. Mem. at 1.

Throughout his time on supervised release, Hill has complied with all his release conditions, submitted negative drug tests, and avoided adverse contact with law enforcement. See id. at 2. He has also launched a business and reports that he recently obtained full-time

employment. Def. Mot. at 1; Reply Exhibits [ECF No. 101-1] at 1–2. Hill's efforts to rehabilitate himself and reintegrate into society are laudable and the Court commends him for them. Each day that Hill spends working towards becoming a productive, law-abiding member of society gives new hope to his supporters, the broader community, and this Court.

The Court further recognizes that Hill's journey towards rehabilitation is still evolving. Hill is likely to encounter new obstacles as he reintegrates more fully into society in the coming months and years. When faced with those obstacles, Hill must redouble his commitment to the promises of his new life—including his new job—and steadfastly avoid the temptations of his old network, alcohol, and drugs. Because continued supervision will help him do so, the Court denies Hill's motion for early termination of his supervision. The Court emphasizes, however, that Hill should be very proud of his progress.

## LEGAL STANDARD

Once a defendant has completed one year of his term of supervised release, the court may terminate the remainder of his term and discharge the defendant, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Prior to doing so, the Court must consider five statutory factors:

> (1) "the nature and circumstances of the offense and the defendant's history and characteristics";
>
> (2) "deterrence of criminal conduct";
>
> (3) "protection of the public from further crimes of the defendant";
>
> (4) "the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment"; and
>
> (5) "the need to avoid unwarranted sentencing disparities."

United States v. Harris, 258 F. Supp. 3d 137, 144 (D.D.C. 2017) (citing 18 U.S.C. § 3583(e));[1] see also 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(6); United States v. Mathis-Gardner, 783 F.3d 1286, 1287–88 (D.C. Cir. 2015).

## DISCUSSION

To resolve Hill's motion, the Court considers the relevant statutory factors, as well as whether Hill's conduct and the interest of justice warrant early termination of his supervision.

### I. STATUTORY FACTORS

#### A. Section 3553(a)(1): The Nature and Circumstances of the Offense and the Defendant's History and Characteristics

The Court begins by considering the nature and circumstances of Hill's § 922(g)(1) conviction, as well as his personal history and characteristics. As the Court does so, it bears in mind that supervised release is a forward-looking, rehabilitative endeavor. Esteras v. United States, 606 U.S. 185, 196 (2025). Hill's history, and the nature and circumstances of his offense, are thus only relevant insofar as they bear on the three congressionally prescribed aims of supervised release: deterrence, incapacitation, and rehabilitation. United States v. Brathwaite, Crim. A. No. 11-186, 2025 WL 1784435, at *3 (D.D.C. June 26, 2025) (citing Esteras, 606 U.S. at 196).

Hill's criminal history weighs heavily against terminating his supervision early. Hill's conviction for unlawfully possessing a firearm and ammunition was his second armed felony, raising both his risk of recidivism and the risk that further offenses could cause serious bodily

[1] Motions for early termination of supervision do not require consideration of the applicable sentencing guideline range for the offense or pertinent policy statements issued by the U.S. Sentencing Commission, 18 U.S.C. § 3553(a)(4)–(5), because "the Commission has not promulgated any guidelines or policy statements addressing early termination of supervised release, but limited its policy guidance to violations of supervised release," Harris, 258 F. Supp. 3d at 145. Consideration of "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is also not required, as the length of a term of supervision does not generally bear on restitution, and in any event, Hill has no restitution obligations, cf. United States v. Wesley, 311 F. Supp. 3d 77, 80 (D.D.C. 2018).

injury or loss of life. See United States v. Ewing, Crim. A. No. 20-220, 2025 WL 3204523, at *3 (D.D.C. Nov. 14, 2025) (concluding that the defendant's history and the circumstances of his offense weighed against early termination of supervision, where the defendant had committed a violent crime and then subsequently violated § 922(g)(1)); see also Prob. Mem. at 2 (finding Hill is at moderate risk of engaging in new criminal activity). Hill's continued supervision thus serves an important deterrent and incapacitation function—it provides Hill with a consistent reminder of the consequences of possessing firearms (which include both his prior convictions) and it enables probation to seize any weapons it observes when visiting him at his home or elsewhere. See Crim. J. at 4.

The particular circumstances of Hill's arrest in 2022 further counsel against early termination of his supervision. Officers were initially alerted to Hill because he was unresponsive behind the wheel of a car in an active lane of traffic. Gov't Opp'n at 1. When Hill refused to submit to a Standardized Field Sobriety Test, officers arrested him for driving under the influence and searched the car, ultimately locating the illegal firearm he possessed. Id. at 1–2. This arrest was not the only time that Hill's apparent use of alcohol or drugs resulted in a criminal conviction. In 2023, Hill pleaded guilty to driving under the influence on a separate occasion. Gov't Opp'n at 2–3. So as the probation office's memorandum reports, the prospect that Hill may abuse alcohol or drugs contributes to his moderate risk of recidivism. See Prob. Memo. at 2. Supervision, meanwhile, helps protect Hill against this risk, including by connecting him with appropriate mental health support and other rehabilitative programming. See id.; Def. Mot. at 1. Removing that support structure at this juncture would risk undermining Hill's rehabilitation.

Hill's present characteristics—unlike his past acts—counsel modestly in favor of early termination of his supervised release. Hill has taken substantial steps to rehabilitate himself,

including staying sober after his release, obtaining full time employment, and complying with all his supervision conditions. See Def. Mot. at 1; Reply [ECF No. 101] at 1. At the same time, the Court finds that the impact of these positive steps is mitigated by Hill's relatively short track record of only 16 months on supervised release. Compare United States v. Lovo, Crim. A. No. 13-262-01, 2020 WL 32561, at *4 (D.D.C. Jan. 2, 2020) (denying defendant's motion for early termination of supervision where he was compliant with his release conditions, but had only completed nine months of supervision), with Harris, 258 F. Supp. 3d at 141 (granting a defendant's motion for early termination of supervision where he demonstrated his successful rehabilitation over the course of more than four and a half years).

As the nature and circumstances of Hill's offense and his history weigh strongly against terminating his supervision, and his present characteristics weigh only somewhat in favor, the Court finds that, on balance, this factor does not support granting Hill's motion.

### B. Section 3553(a)(2)(B) and (C): Deterrence of Criminal Conduct and Protection of the Public

Next, the Court must consider how early termination of Hill's supervision would impact public safety and deterrence of future criminal conduct. 18 U.S.C. § 3583(e) (requiring courts to consider § 3553(a)(2)(B)–(C)). Analysis of these factors overlaps substantially with the Court's consideration of Hill's history and the circumstances of his offense. As the Court previously explained, Hill's two convictions involving illegal use of a firearm—one of them for murder—raise Hill's risk of armed recidivism and the prospect that further offenses could imperil the public. Continued supervision, however, acts as a specific deterrent by discouraging Hill from possessing firearms. The Court therefore finds that protection of the public and specific deterrence counsel against terminating Hill's supervision twenty months early.

### C. Section 3553(a)(2)(D): The Defendant's Rehabilitative Needs

The Court now turns to the central purpose of supervised release and considers how early termination of Hill's supervision would impact his rehabilitation. Again, the Court finds that this factor weighs against terminating Hill's supervision after only 16 months.

Upon release from prison, Hill faced substantial obstacles to his rehabilitation, including developing a new network of law-abiding friends and supporters, obtaining employment, refraining from abuse of alcohol or drugs, and improving his mental health. See Prob. Mem. at 2. Over the past year, Hill has chipped away at these obstacles. For example, in September of 2025, he sought mental health support from probation—revealing a commendable awareness of his own health needs. Id.; see also Prob. Pet. [ECF No. 94] at 2. Hill further reports that as of one month ago, he has obtained full-time employment. Reply at 1; Reply Exhibits at 1–2.

Hill's actions reflect real progress towards his rehabilitation. The Court must nevertheless note the recency of Hill's stability. While the Court has faith in Hill's ongoing commitment to build a new life by keeping the full-time job he has worked hard to earn, and by developing a new network full of positive influences, Hill has not yet demonstrated a sustained capacity to do so. Contra Ewing, 2025 WL 3204523, at *1, 5 (granting a motion for early termination of supervision where the defendant had maintained full-time employment for 18 months, built a new social circle of work colleagues, began volunteering at his nephew's school, and welcomed a new baby). Without a sustained track record of stability, the Court is reticent to remove the supervision that has facilitated Hill's rehabilitation over the last 16 months. The Court therefore concludes that Hill's ongoing rehabilitative needs also weigh against granting his motion for early termination of supervision at this time.

**D. Section 3553(a)(6): Avoiding Unwarranted Sentencing Disparities**

Section § 3583(e) also requires the Court to consider whether granting or denying Hill's motion for early termination of his supervision would create unwarranted sentencing disparities. 18 U.S.C. § 3583(e) (referencing § 3553(a)(6)). This factor tends to be of "limited utility" in the early-termination context, however, because supervised release decisions require "case specific inquir[ies]." Brathwaite, 2025 WL 1784435, at *4 (first quoting Harris, 258 F. Supp. 3d at 145; then quoting United States v. Raymond, Crim. A. No. 9-183, 2019 WL 1858285, at *3 (D.D.C. Apr. 25, 2019)). But see United States v. Tanguay, Crim. A. No. 8-271-5, 2021 WL 1966602, at *5 (D.D.C. May 17, 2021) (comparing the defendant's term of supervised release to his co-defendants', in addition to conducting a defendant-specific inquiry).

The weight given to § 3553(a)(6) matters little in this case, however, because the Court finds that the factor is neutral. Hill's sentencing guidelines range for his term of supervised release is 12-36 months. Statement of Reasons [ECF No. 91] at 1. Hill has completed 16 months of supervision, which brings him within the lower end of that range. So while terminating Hill's supervision at this point is unlikely to create unwarranted sentencing disparities, denying Hill's motion would not do so, either. See Ewing, 2025 WL 3204523, at *4 (finding § 3553(a)(6) neutral when the defendant had completed nearly 75% of the upper bound of his guidelines range for supervision but had not come forward with examples of comparable defendants who had their supervision terminated early).

* * *

Because each of the statutory factors identified in § 3583(e) either weighs against granting Hill's motion or is neutral, the Court concludes that these factors caution against terminating his supervision at this juncture.

## II. THE DEFENDANT'S CONDUCT & THE INTEREST OF JUSTICE

Finally, the Court considers whether Hill's conduct and the interest of justice warrant terminating his supervision early. See 18 U.S.C. § 3583(e)(1). The Court again underscores Hill's laudable efforts to rehabilitate himself. Thus far, Hill has taken all steps required of him, laying the foundation for a new, law-abiding life. The Court finds no fault in Hill's conduct. Yet for the reasons the Court has explained as it weighed the relevant § 3353(a) factors, the Court finds that Hill has not yet established a track record of consistent and persistent rehabilitation. Without such a record, the Court concludes that Hill's conduct and the interest of justice do not yet warrant terminating his supervision. Accordingly, the Court will deny Hill's motion, without prejudice to a renewed motion when Hill has completed a greater percentage of his term of supervised release.

## CONCLUSION

For these reasons, it is hereby **ORDERED** that [97] Hill's motion for early termination of his supervision is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: August 27, 2026